IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03147-SBP

L.H.Y.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

**Susan Prose, United States Magistrate Judge**

    This civil action is before the court pursuant to Title II, 42 U.S.C. §§ 401, *et. seq.*, and Title XVI, 42 U.S.C. § 1381, *et seq.,* of the Social Security Act (the "Act"), for review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff[1] L.H.Y.'s applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After consideration of the briefs and the administrative record, and for the reasons set forth in this order, the Commissioner's decision is REVERSED and REMANDED as follows.

## BACKGROUND

    Plaintiff was 49 years old on her alleged disability onset date and 53 years old at the time of her date last insured. ECF No. 11 ("Opening Brief") at 4. She has at least a high school

---

[1] This Opinion and Order identifies Plaintiff by initials only per D.C.COLO.LAPR 5.2(b).

education. *Id*. Plaintiff seeks judicial review of the Commissioner's final decision denying her applications for Title II disability, DIB and SSI applications in which she sought benefits for the time period beginning January 15, 2018. After her claims were administratively denied, she requested a hearing before an Administrative Law Judge ("ALJ"), who held a hearing in March 2019. The ALJ denied her claims, but the Appeals Council reversed that decision for the ALJ to further consider Plaintiff's residual functional capacity ("RFC").

The ALJ held another hearing in February 2022 and again denied Plaintiff's claims. The Appeals Council denied Plaintiff's administrative request for review of the ALJ's second decision, rendering it final on October 19, 2022. *See* Opening Brief at 4 (reciting procedural history). It is undisputed that Plaintiff timely filed her complaint with this court seeking review of the Commissioner's final decision. EFC No. 1. All parties consented to the jurisdiction of a magistrate judge, ECF No. 9, and jurisdiction is proper pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## ALJ's DECISION

In the final decision, the ALJ applied the five-step sequential process for determining whether an individual is disabled outlined in 20 C.F.R. § 404.1520(a) and § 416.920(a).[2] At

---

[2] "The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

   1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
   2. The ALJ must then determine whether the claimed impairment is 'severe.' A 'severe impairment' must significantly limit the claimant's physical or mental ability to do basic work activities.
   3. The ALJ must then determine if the impairment meets or equals in severity certain

step one, the ALJ found that Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2022." ECF No. 8-2 at 18. He found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. *Id*. At step two, the ALJ found that Plaintiff had severe impairments of "ovary malignancy; status-post reconstructive surgery of the right ankle; asthma; anxiety; and post-traumatic stress disorder (PTSD)." *Id*. at 18. At this step, the ALJ also concluded that Plaintiff's alleged back pain was not a severe impairment. *Id*.

At step three, the ALJ concluded that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the disability regulations deemed to be so severe as to preclude substantial gainful employment at step three. *Id*. at 18-20.

The ALJ next determined that Plaintiff had the RFC to perform "light" work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b),[3] with further limitations as follows:

---

impairments described in Appendix 1 of the regulations.
4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity."

*Wilson v. Astrue*, No. 10-cv-00675-REB, 2011 WL 97234, at *2 (D. Colo. Jan. 12, 2011); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (setting forth five-step sequential evaluation process).

[3] The regulations define "light work" as that which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or

3

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional functional restrictions: cannot climb ladders, ropes, or scaffolds and cannot work at unprotected heights; can occasionally stoop, kneel, crouch, and crawl; can frequently handle and finger with the dominant right upper extremity; can tolerate occasional exposure to pulmonary irritants, such as smoke and dust (see Ex. 15F/2); can frequently engage in production pace work; can have frequent interaction with coworkers and supervisors, but only occasional interaction with the public; and, can occasionally adapt to workplace changes.

*Id.* at 20. The ALJ then summarized his findings with respect to several medical source opinions and the medical evidence in the record that supported his RFC finding. *Id*. at 20-28.

At step four, the ALJ found that Plaintiff

> is capable of performing past relevant work as a laundry worker, DOT#361.685-018, as actually performed at the light exertional level. This work as actually performed by the claimant at the light level, does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

*Id*. at 29. The ALJ also made "alternative findings for step five," because he found there were also "other jobs that exist in significant numbers in the national economy that the claimant also can perform." *Id*. The other jobs—like Plaintiff's former job— were classified as light, unskilled occupations. *Id*. at 30.

## STANDARD OF REVIEW

In reviewing the final decision, this court "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are

---

leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

4

supported by substantial evidence." *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014). "The phrase 'substantial evidence' is a 'term of art,' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting *T-Mobile South, LLC v. City of Roswell*, 574 U.S. 293, 301 (2015)). In applying the substantial-evidence standard,

> a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—**such relevant evidence as a reasonable mind might accept as adequate to support a conclusion**.

*Id.* at 102-03 (cleaned up, emphasis added); *see also Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) ("Substantial evidence requires more than a scintilla but less than a preponderance.") (quoting *U.S. Cellular Tel., L.L.C., v. City of Broken Arrow*, 340 F.3d 1122, 1133 (10th Cir. 2003)). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Zoltanski*, 372 F.3d at 1200 (quoting *U.S. Cellular*, 340 F.3d at 1133). This court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Knight*, 756 F.3d at 1175 (citation omitted); *see also Zoltanski*, 372 F.3d at 1200 (explaining that the court may not "displace the Commissioner's choice between two fairly conflicting views").

## ANALYSIS

On appeal, Plaintiff asserts several claims of error. The court reaches only the first of those errors: that the ALJ did not incorporate in Plaintiff's RFC the exertional limitations

5

required by SSR 96-8p:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

Social Security Ruling, SSR 96-8p, 1996 WL 374184, at § 4 (July 2, 1996). The referenced regulations identify several physical functions including "sitting, standing, walking, lifting, carrying, pushing, [and] pulling." 20 C.F.R. § 404.1545(b).

The ALJ recognizes in his decision that Plaintiff's exertional capacities for all of those physical functions were in question on her applications. For instance, the ALJ (or Plaintiff's counsel) asked Plaintiff in the hearing how much weight she could lift, and how long she could sit or stand. ECF No. 8-2, at 21, 62-64. The ALJ noted Plaintiff's assertion that she "has difficulty holding on to things and d[r]ops them." ECF No. 8-2 at 21. In discussing the medical source opinions and records, the ALJ notes several mentions of Plaintiff's asserted ankle pain, non-prescribed use of a cane, and "antalgic gait." *See, e.g., id*. at 22-25. And significantly, at step two, the ALJ found that Plaintiff has a severe impairment in "status-post reconstructive surgery of the right ankle." ECF No. 8-2 at 18. The ALJ recognized the "record also contains evidence of other major medical complaints including low back pain/sciatica. . . . [T]his impairment is considered nonsevere." *Id*. The ALJ states that he "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the residual functional capacity." *Id*.

But the RFC states only that Plaintiff "has the residual functional capacity to perform light work *as defined in 20 CFR 404.1567(b) and 416.967(b)* with the following additional

y

functional restrictions." ECF No. 8-2 at 20 (emphasis added). The "additional functional restrictions" do not include any limits with respect to standing, sitting, walking, carrying, pushing, or pulling.[4] The regulations that the ALJ cites to define Plaintiff's capacity to work likewise do not specify limits for most of the exertional parameters either:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b). The regulations thus define a maximum lifting capacity (20 pounds), and perhaps also the maximum carrying capacity (at least if it is "frequent") at 10 pounds, and state that light work may involve "a good deal of" walking, standing or sitting. But the regulations do not define limits on sitting, standing, walking, pushing, or pulling.

In fact, the ALJ's only mention of Plaintiff's exertional limitations is in summarizing the April 2018 opinion of the State agency medical consultant, Dennis Koukol, M.D.:

> The undersigned has fully considered the medical opinions and prior administrative medical findings as follows. In April 2018, State Agency medical consultant, Dennis Koukol, M.D., opined following his review of the record that the claimant could lift 10 pounds frequently and 20 pounds occasionally, **stand/walk for 6 hours, sit for 6 hours,** occasionally stoop and crouch, and should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation (Exhibits 1A-2A)[.]
>
> **The undersigned finds this opinion persuasive**, as it [is] consistent with other evidence of record including the relatively unremarkable/mild examination

---

[4] In the Response Brief, the Commissioner states that the ALJ also found between steps three and four (i.e., in the RFC) that Plaintiff "could stand or walk for only four hours, and sit for six." ECF No. 12 (Response Brief) at 8. But this is inaccurate. The ALJ did not make such a finding in the RFC.

> findings and diagnostic studies and the claimant's relatively conservative and sporadic medical treatment history regarding her physical impairments. **Importantly, there are no other medical opinions in the record supportive of any greater physical work restrictions.**
>
> The claimant also concedes engaging in activities that are consistent with an ability to perform a range of light work. There is no persuasive medical support for finding that she could not perform such work on a full-time basis[,] or that she requires use of a cane with ambulation. The claimant conceded at the hearing that her cane was not medically prescribed and was given to her from a friend. She was not observed to be using it at the time of the October 2021 consultative exam.

ECF No. 8-2 at 26 (paragraph breaks and emphasis added). *See also id*. at 38-39 (repeating the above).

This portion of the ALJ's decision seems to suggest that the ALJ believed Dr. Koukal's opinion that Plaintiff could sit, stand or walk for six hours at a stretch—but the ALJ did not incorporate those limits in either the RFC or his examination of the Vocational Expert. As noted, in the RFC, the ALJ instead referred only to the regulations' definition—which has no specific limits on sitting, standing, walking, pushing, or pulling. ECF No. 8-2 at 20. And in the hearing, the ALJ referred to the definition of light work in the *Dictionary of Occupational Titles* ("DOT"). *Id*. at 127 (asking the VE to assume Plaintiff is "able to perform the full range of light exertional work as defined in the DOT.").

In their briefs, the parties do not provide the DOT definition of light work. In the court's research, the DOT definition is similar to that of the regulations:

> Light Work - Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or

> (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

*Dictionary of Occupational Titles, Appendix C - Components of the Definition Trailer*, 1991 WL 688702, at § IV.c (4th Ed. 1991). Thus, the DOT does not define specific exertional limits for light work either, except as to the exertion of force.

The Commissioner's arguments that the ALJ was not required to articulate the function-by-function analysis in the RFC are not persuasive. ECF No. 12 (Response Brief) at 11. The case on which the Commissioner relies, *Hendron v. Colvin*, 767 F.3d 951, 956-57 (10th Cir. 2014) concerns sedentary work—not light work. Unlike light work, the regulations define sedentary work specifically by exertional restrictions:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). Accordingly, in *Hendron*, there was no need for the ALJ to state specific exertional limits in the RFC, to enable the court to review the ALJ's decision.

But here, as noted, the regulations and DOT do *not* define the exertional limits for light work. SSR 96-8p specifically requires a function-by-function analysis before stating the overall level (sedentary or light, for example) of work of which the claimant is capable. *See, e.g.*, *Vialpando v. Colvin*, No. 13-cv-02004-BNB, 2014 WL 3402513, at *4 (D. Colo. July 10, 2014) (citing *Guana v. Astrue,* No. 11-cv-02781-LTB, 2013 WL 316022 at *8 (D. Colo. Jan. 28, 2013), reversing and remanding appeal of Commissioner's decision for failure to comply with Social

Security Ruling 96-8p). The Tenth Circuit has likewise found reversible error in similar circumstances. *See, e.g.*, *Delaney v. Apfel*, No. 98-7109, 182 F.3d 931 (Table), 1999 WL 373274 (10th Cir. Jun. 9, 1999) ("Because plaintiff's main impairments are morbid obesity and a knee problem, it was error for the ALJ to fail to address the effect of these impairments on her ability to stand or walk for the greater part of an eight-hour workday.").

In the end, the court must be able to follow the ALJ's reasoning in order to review whether the ALJ applied the correct legal standards, and whether the ALJ's findings are supported by substantial evidence. Here, the court cannot follow the ALJ's reasoning. The court is left to wonder whether the ALJ did—or did not—consider Plaintiff's limits on standing, sitting, and walking in determining Plaintiff's RFC. And it does not appear that the ALJ made any finding with respect to Plaintiff's pushing and pulling capacities. The unclarity in the RFC— and in the ALJ's related questioning of the Vocational Expert—directly undermines the ALJ's reasoning at steps four and five. In short, the ALJ erred in finding the RFC, which infects the later steps, and the Commissioner has not met its burden of proof on step five.

The court stops its analysis at this point because the remaining arguments raised in Plaintiff's briefing "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). On remand, the ALJ is directed to consider the remaining issues raised in Plaintiff's briefing, as well as to determine her RFC in accordance with the requirements of SSR 96-8p.

## CONCLUSION

For the reasons set forth above, the court REVERSES the Commissioner's decision denying L.H.Y.'s applications, and REMANDS for further proceedings consistent with this

Order. Judgment shall enter accordingly.

Dated: September 23, 2024.                         BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

11